■ JAY M. BENDER, Respondent, v. JOANNE BENDER, Appellant.—Order entered August 5, 1969, unanimously modified in the exercise of discretion, without costs and without disbursements, to the extent of remanding the proceeding to the trial justice for completion forthwith of the hearing, consistent with this memorandum. The stipulation which provided the basis for award of custody of the children, appears to express agreement that the dispute be resolved in accordance with the professional opinion of the psychiatrist to be appointed as provided therein. As such, it would be binding on the parties, and the decision founded thereon would properly be completely dispositive of the proceeding (see *Kesseler* v. *Kesseler,* 10 N Y 2d 445). But, the interests of the children being paramount (*Lerner* v. *Lerner,* 22 A D 2d 862), we conclude that those interests would best be served by remand to the Trial Justice to complete the hearing interrupted by the stipulation. We are told that the mother believes that she was to have an opportunity, after the psychiatric examination, to resume cross-examination of her husband and to present a defense to the accusations against her. It would not be conducive to the children's well-being to have them told, now or later, that their father had deprived her of an opportunity to clear her name. It would constitute a better exercise of discretion, to avoid that possibility by resumption of the hearing at the point of interruption. The report of the psychiatrist, apparently rendered in proper professional form, may be used as the stipulation provides, but the eventual decision shall not be based on it alone; the weight it is to have shall, of course, rest in the Trial Justice's discretion. It would be desirable for the Trial Justice to make specific rather than implicit disposition of defendant's cross-application for a change in financial allowances. Inasmuch as, at the least, a serious question has been raised by the psychiatrist's report as to continuance of custody where it

presently resides, it is highly desirable to have this question resolved as speedily as possible, and, to that end, we direct immediate resumption of the hearing. Meanwhile, the stay of the custody provisions of the subject order shall remain in effect so that the children shall not again be shuttled back and forth. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.